UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIANE R. WILLIAMS,

    11009 Valley Brook Drive
    Fort Washington, MD 20744

    Plaintiff,

v.       C.A. No. _____

DAVID M. WALKER,
Comptroller General
    of the United States,
Government Accountability Office

    441 G Street, N.W.
    Washington, DC 20548

    Defendant.

## COMPLAINT
### (Age, Sex, and Race Discrimination and Retaliation in Federal Employment)

Diane R. Williams hereby sues David M. Walker, Comptroller General of the United States, for age, race and sex discrimination, retaliation, and a hostile and abusive work environment in Federal employment.

### Jurisdiction

1. This Court has jurisdiction over this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and the Age Discrimination in Employment Act, 29 U.S.C §621, et seq.

## Venue

2. Venue properly lies in this Court under 28 U.S.C. §1391(e)(2) and 42 U.S.C. §2000e-5(f). The Plaintiff is employed in this judicial district, and the discriminatory and retaliatory acts occurred in this judicial district.

## Exhaustion of Administrative Remedies

3. The Plaintiff has exhausted her administrative remedies prior to filing this lawsuit. The Plaintiff filed an administrative formal complaint of employment discrimination with her agency, and, on July 13, 2007, was issued a notice of right to sue by her agency. The Plaintiff has filed this suit within the stated 30-day time period of that notice.

## Parties

4. The Plaintiff, Diane R. Williams, an African-American female who is at least 40-years-old, is a citizen of the United States and a resident of the State of Maryland. At all times relevant to this suit, she has been employed with the Personnel Appeals Board, Office of the General Counsel, of the U.S. Government Accountability Office.

5. The Defendant is the Comptroller General of the United States. As such, he is the head of the U.S. Government Accountability Office (GAO). He is sued solely in his official capacity.

## Factual Basis of the Complaint

6. At the time of the events giving rise to this complaint, the Plaintiff worked

as a Senior Trial Attorney in the Personnel Appeals Board's Office of the General Counsel. In January 2006, the Plaintiff requested a promotion to a GS-15 position within the PAB's Office of the General Counsel. When the Plaintiff's request was denied, she stated her intention to, and did, file a complaint regarding the Defendant's pay policies and practices.

7. Soon thereafter, the Defendant issued the Plaintiff a written reprimand. This disciplinary action was soon followed by other acts of reprisal due to the Plaintiff's prior protected activities. These acts, which occurred in rapid succession, included issuing the Plaintiff a second written reprimand; threatening not to approve her leave requests; imposing requirements on the Plaintiff regarding work hours and leave that were not placed upon other employees; proposing to suspend and then suspending her for five days for a non-existent transgression; disparaging the Plaintiff's job performance to her co-workers; physically confronting the Plaintiff in a hostile and threatening manner; questioning the Plaintiff's co-workers about her activities and whereabouts, even though the Plaintiff had merely gone to the restroom; and interfering with the Plaintiff's performance of her job duties, thereby making her job duties more onerous. The Defendant had not proposed or taken any disciplinary actions against the Plaintiff prior to her stating her intention to file an employment discrimination complaint. After the Plaintiff filed an employment discrimination complaint, the Defendant imposed harsher discipline on the Plaintiff.

8. The Defendant's stated reasons for engaging in the aforementioned acts are not the true reasons for its actions, but instead are a pretext to hide its discriminatory animus. The Plaintiff did not engage in any conduct for which she could or would have been

disciplined in the absence of the Defendant's unlawful and retaliatory animus. Further, the Plaintiff performed her job duties and met the Defendant's reasonable and legitimate expectations.

9. The Defendant's conduct, as specified above, violates Title VII and the Age Discrimination in Employment Act in that the Defendant discriminated against the Plaintiff in the terms, conditions, and privileges of her employment, and subjected her to retaliation because she had previously engaged in protected activities. Because of this violation, the Plaintiff has suffered and continues to suffer economic injury in that she was denied a promotion or other pay increase and, thus, lost pay and other benefits. Because of the Defendant's unlawful retaliation, the Plaintiff has suffered and continues to suffer emotional and mental distress, anguish, humiliation, and loss of reputation, all of which have diminished her enjoyment of life and caused her other pain and suffering.

## Count One

### (Discrimination in Pay and Promotions)

10. The foregoing paragraphs are realleged and incorporated by reference here.

11. The Defendant's conduct as alleged above constitutes discrimination on the basis of race in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretexts to hide the Defendant's discriminatory animus.

## Count Two

### (Discrimination in Pay and Promotions)

12. The foregoing paragraphs are realleged and incorporated by reference here.

13. The Defendant's conduct as alleged above constitutes discrimination on the basis of sex in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretexts to hide the Defendant's discriminatory animus.

### Count Three

### (Discrimination in Pay and Promotions

14. The foregoing paragraphs are realleged and incorporated by reference here.

15. The Defendant's conduct as alleged above constitutes discrimination on the basis of age in violation of the Age Discrimination in Employment Act. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretexts to hide the Defendant's discriminatory animus.

### Count Four

### (Retaliation for Engaging in Protected Activities)

16. The foregoing paragraphs are realleged and incorporated by reference here.

17. The Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because she engaged in activities protected by Title VII and the ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretexts to hide the Defendant's retaliatory animus.

### Count Five

### (Hostile and Abusive Working Environment)

18. The foregoing paragraphs are realleged and incorporated by reference here.

19. The Defendant's conduct as alleged above constitutes a hostile and abusive working environment in violation of Title VII and the ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretexts to hide the Defendant's discriminatory and retaliatory animus towards the Plaintiff.

## Relief Requested

WHEREFORE, the Plaintiff requests that the Court award her:

1) A retroactive promotion to the GS-15 level, with all attendant back pay, benefits, and other emoluments of employment;

2) Compensatory damages in an amount sufficient to compensate for the pecuniary and nonpecuniary injuries she has suffered, such as but not limited to emotional distress and pain and suffering;

3) costs and reasonable attorneys' fees incurred in connection with this lawsuit; and

4) such other damages and relief as is deemed just.

## JURY DEMAND

The Plaintiff requests trial by jury.

Michael J. Kator, Esquire
(366936)
KATOR, PARKS & WEISER
1020 – 19th Street, N.W.
Suite 350
Washington, D.C. 20036
(202) 898-4800

Attorney for the Plaintiff

6

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

DIANE R. WILLIAMS

## DEFENDANTS

DAVID M. WALKER, COMPTROLLER GENERAL OF THE UNITED STATES, GOVERNMENT ACCOUNTABILITY OFFICE

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael J. Kator
Kator, Parks & Weiser, PLLC
1020 19th Street, NW #350
Washington, DC 20036

ATTORNEYS (IF KNOWN)

United States Attorney
555 4th Street, NW
Washington, DC

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ● E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Age, race and sexual discrimination, retaliation, and a hostile and abusive work environment in Federal employment

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 08/10/07   SIGNATURE OF ATTORNEY OF RECORD  *Michael J. Kator*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.